UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:19-CV-023-TBR

LEONIA N. SANDERS, et al.,                                                   PLAINTIFFS

v.

CITY OF PEMBROKE, et al.,                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on several motions. First, Plaintiff Leonia Sanders, individually and as the guardian of Ronald Sanders, filed three motions for entry of default: one against Heather Holland, [R. 12], another against Lindee Monroe, [R. 13], and a third against Rebecca Perry, [R. 14]. In response, Holland, Monroe, and Perry, ("Defendants"), filed a Joint Motion to Quash Defective Service of Process, or in the alternative, Joint Response in Opposition to Plaintiff's Request for Entries of Default Judgment. [R. 18; 19.] Sanders replied. [R. 27.] Second, Sanders filed a Motion for Summary Judgment. [R. 17.] Defendants responded, [R. 29], and Sanders replied, [R. 36]. Third, Defendants filed a Motion to Dismiss, [R. 28]. Fourth, Defendants filed a Motion to Strike Amended Complaint. [R. 43.] On the same day, Sanders filed a Motion for Leave to File Amended Complaint or, in the Alternative, Motion for Leave for Additional Time to Respond to the Motion to Dismiss. [R. 44.] Defendants responded, [R. 47], and Sanders replied, [R. 48]. In addition to the motions above, Sanders filed a Motion to Strike Impertinent Material Stated in Entry of Appearance, [R. 15], and a Motion to Strike Scandalous Material Stated in the Response, [R. 30]. This matter is ripe for adjudication.

For the reasons stated herein, Defendants' Joint Motion to Quash, [R. 18], and Renewed Joint Motion to Quash, [R. 23], are **GRANTED** and Sanders's three motions for entry of default, [R. 12, 13, 14], are all **DENIED**; Sanders's Motion for Summary Judgment, [R. 17], is

**DENIED**; Defendants' Motion to Dismiss, [R. 28], is **DENIED**; Sanders's Motion for Leave to File Amended Complaint,[R. 44], is **GRANTED**; Defendants' Motion to Strike Amended Complaint, [R. 43], is **DENIED**; Sanders's Motion to Strike Impertinent Material, [R. 15], is **GRANTED**; and Sanders's Motion to Strike Scandalous Material is **DENIED**, [R. 30].

## BACKGROUND

On February 13, 2019, Sanders filed a Complaint against several defendants, [R. 1], and on March 20, 2019, Sanders filed motions for Entry of Default against three specific defendants listed in the original Complaint: Heather Holland, [R. 12], Lindee Monroe, [R. 13], and Rebecca Perry, [R. 14]. The next day, counsel for Holland, Monroe, and Perry ("Defendants"), filed an Entry of Appearance, "[w]ithout waiving sufficiency of service of process on their clients . . . ." [R. 11.] On March 22, 2019, Defendants filed a Joint Motion to Quash Defective Service of Process, or in the alternative, Joint Response in Opposition to Plaintiff's Request for Entries of Default Judgment. [R. 18; 19.] That same day, Sanders filed a Motion for Summary Judgment. [R. 17.]

On March 25, 2019, Sanders filed three separate U.S. Postal Service certified mail receipts: one for Heather Holland, [R. 20,] another for Lindee Monroe, [R. 21], and a third for Rebecca Perry, [R. 22]. Each receipt was dated as being delivered on February 21, 2019. However, the unknown person that received each piece of mail signed upon delivery in an illegible manner. Both parties appear to agree that neither Holland, Monroe, nor Perry signed the receipts. [R. 26 at 5; R. 29 at 2.] However, disagreement remains over whether the person that signed these receipts was acting as an agent on behalf of Defendants. In short, the main issue threaded through all of these motions is the question of whether Defendants were served properly.

Beyond the motions mentioned above, Defendants also asserted in a Motion to Dismiss for Failure to State a Claim that defendants Lincoln Foster and Maureen Leamy are entitled to absolute prosecutorial immunity as Assistant County Attorneys in Christian County, Kentucky. [R. 28 at 2.] About a month after that, Defendants filed a Motion to Strike the Amended Complaint, [R. 43]. In what appears to be a response to both of these motions, Sanders filed a motion entitled "Motion for Leave to File Amended Complaint as to Defendants, Frye, Burgess, Foster, Leamy, Holland, Monroe, and Perry, Or, in the Alternative, Motion for Leave for Additional Time to Respond to the Motion to Dismiss by Foster and Leamy." [R. 44.]

## DISCUSSION

As service of process is a threshold issue, the Court will first address Defendants' Motion to Quash Service of Process, followed by Sanders's Motion for Summary Judgment and other additional motions.

**A. Defendants' Motion to Quash Service of Process or Dismiss for Failure to Serve**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). The plaintiff bears the burden of perfecting service of process and showing that proper service was made. Fed. R. Civ Pro. 4(c)(1); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir. 1999); *see also Bridgeport Music, Inc. v. Rhyme Syndicate Music,* 376 F.3d 615, 623 (6th Cir. 2004).

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) provides the methods by which an individual may be properly served:

Unless federal law provides otherwise, an individual—other than a minor, incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e).

Pursuant to Rule 4(e)(1), both parties acknowledge that service was attempted according to Kentucky state law. [R. 18 at 5; R. 26 at 3.] The methods of proving service in Kentucky are explained in Kentucky Civil Rule of Procedure 4.01(1)(a) and 4.04(2). Rule 4.01(1)(a) provides:

> (1) Upon the filing of the complaint (or other initiating document) the clerk shall forthwith issue the required summons and, at the direction of the initiating party, either:
>
> (a) Place a copy of the summons and complaint (or other initiating document) to be served in an envelope, address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished by the initiating party, affix adequate postage, and place the sealed envelope in the United States mail as registered mail or certified mail return receipt requested with instructions to the delivering postal employee to deliver to the addressee only and show the address where delivered and the date of delivery. The clerk shall forthwith enter the facts of mailing on the docket and make a similar entry when the return receipt is received by him or her. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall enter that fact on the docket. The clerk shall file the return receipt or returned envelope in the record. Service by registered mail or certified mail is complete only upon delivery of the envelope. The return receipt shall be proof of the time, place and manner of service. To the extent that the United States postal regulations permit

authorized representatives of local, state, or federal governmental offices to accept and sign for "addressee only" mail, signature by such authorized representative shall constitute service on the officer. All postage shall be advanced by the initiating party and be recoverable as costs . . .

Ky. R. Civ. P. 4.01(1)(a). Regarding personal service, Rule 4.04(2) provides:

(2) Service shall be made upon an individual within this Commonwealth, other than an unmarried infant or person of unsound mind, by delivering a copy of the summons and of the complaint (or other initiating document) to him personally or, if acceptance is refused by offering personal delivery to such person, or by delivering a copy of the summons and of the complaint (or other initiating document) to an agent authorized by appointment or by law to receive service of process for such individual.

Ky. R. Civ. P. 4.04(2).

In their Motion to Quash, Defendants argue that Sanders failed to fulfill her burden of proving valid service on Defendants. [R. 18 at 3.] Defendants assert that the attempted service by certified mail was invalid for two reasons: (1) Defendants did not sign the certified mail nor did they authorize an agent to sign on their behalf, [*Id*. at 10], and (2) the postal employee was not instructed to serve the addressee only, [*Id*. at 5]. Furthermore, Defendants argue that the affidavit of Sanders's counsel averring that complaint and summons was served on Defendants is vague, conclusory, and insufficient as proof of valid service. [*Id*. at 7.]

In response, Sanders argues that the "certified mail return receipts that the Plaintiffs filed into the record constitute the 'return of service' evidence that is relevant to determining whether the Plaintiffs have established a prima facie case of valid service." [R. 26 at 3.] In detail, Sanders contends that "[e]ven though the CHFS Defendants have been sued in their individual capacities, they are government officials," and the service of process was valid as the postal worker was

5

instructed to deliver to the addressee only and the person who signed on behalf of Defendants was an authorized agent. [*Id*. at 3-4.][1]

As it is Sanders's burden to show that proper service was made, Fed. R. Civ Pro. 4(c)(1); *Byrd,* 94 F.3d at 219, the Court will address each of her arguments as to the validity of service in turn. First, Sanders appears to argue that the Court should analyze her claims as against Defendants in their official capacity:

> Even though the CHFS Defendants have been sued in their individual capacities, they are government officials. As such, the relevant provision of CR 4.01(1)(a) that controls whether service by Certified Mail Restrictive Delivery on a government official shall be valid reads as follows: "To the extent that the United States postal regulations permit authorized representatives of local, state, or federal governmental offices to accept and sign for 'addressee only' mail, signature by such authorized representative shall constitute service on the officer."

[R. 26 at 3.] However, as pointed out by Defendants, Holland, Monroe, and Perry were each sued in their individual capacity only. [R. 1 at 2, 7.] Although the signature of a representative authorized to accept "addressee only" mail according to United States postal regulations may constitute service on an individual in his or her official capacity, that type of service is insufficient to confer personal jurisdiction over the individual in his or her individual capacity. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *T.J. by T.J. v. Franklin Indep. Sch.*, No. 3:18-CV-00009-GFVT, 2018 WL 4088024, at *3 (E.D. Ky. Aug. 27, 2018). Thus, going forward, the Court will treat these claims as against each defendant in their individual capacity.

Second, Sanders argues: "The Court may take judicial notice that 'Certified Mail Restricted Delivery,' which is conspicuously printed in USPS typeface on the returns of service, is an instruction to the postal worker to restrict delivery to the addressee only, or the Court

---

[1] Sanders did not respond to Defendants' argument that the affidavit of Sanders's counsel was vague and insufficient as proof of valid service. [*See generally* R. 26.]

may observe discussions in the case law which demonstrate that 'restricted delivery' means delivery restricted to the addressee only." [R. 26 at 3-4.] Sanders cites to three cases in support of this assertion: *Estep v. Combs*, 366 F. Supp. 3d 863, 877 (E.D. Ky. 2018); *Robinson v. Turner*, 886 F. Supp. 1460, 1464-65 (S.D. Ind. 1995); and *Delta S.S. Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir. 1985). [*Id*. n.13.] Despite the fact that none of these cases are binding upon this Court, the Court also finds that none of them demonstrate the notion that "Certified Mail Restricted Delivery" printed on the return of service receipt constitutes an instruction to the postal worker to deliver the parcel only to the addressee.

In the first case, *Estep v. Combs*, the Eastern District of Kentucky merely mentioned the issue of restricted delivery in a one-sentence aside in its discussion of a statute of limitations issue. *Estep*, 366 F. Supp. 3d at 877. After analyzing the issue of whether the plaintiffs pursued service in "good faith" pursuant to Kentucky Rule of Civil Procedure 3.01 when plaintiff sent service to the headquarters of the defendant's employer, the court commented: "Further, the Court is unable to tell, from this record, whether the clerk alone made the decision to mail in a manner not consistent with the rule, *i.e.*, without the restricted delivery requirement." *Id.* Besides the fact that the court was discussing adequacy of such service in relation to a different issue than the one at hand, i.e., "good faith" under CR 3.01, the court also did not find that "Certified Mail Restricted Delivery" is an instruction to the postal worker to restrict delivery to the addressee only.

In the second case, *Robinson v. Turner*, the Southern District of Indiana held that, under Indiana law, mail room employees at a prison could not receive personal certified mail on behalf of the prison guards. *Robinson*, 886 F. Supp. at 1463-64. Not only is this case non-binding, factually distinguishable, and over two decades old, it also appears to hurt Sanders's case rather

7

than help it. For example, the court in *Robinson* stated that, although the mail room employees signed the certified mail receipts, "Plaintiff should not be able to rely on that signature to show that service of process was completed." *Id*. at 1464. Similarly, here, Sanders relies on the mysterious signature of the unknown person that received the summons on behalf of Defendants in arguing that service of process was completed.

In the final case, *Delta S.S. Lines, Inc. v. Albano*, the Fifth Circuit found that the plaintiff serving the defendant by certified mail, with delivery to addressee only, did not satisfy the service of process requirements under Texas law because "no authorized officer was involved in [Plaintiff's] attempt to make service by mail." *Delta*, 768 F.2d at 730. Furthermore, the court held that "a more general state mail-service procedure may not be considered the effective equivalent" of Federal Rule of Civil Procedure 4(c)(2)(C)(ii). *Id*. Thus, the court found that the service attempted by the plaintiff satisfied neither state nor federal service requirements. On its face, it is not clear how this case is applicable to Sanders's argument that "'Certified Mail Restricted Delivery,' which is conspicuously printed in USPS typeface on the returns of service, is an instruction to the postal worker to restrict delivery to the addressee only." As Sanders does not explain its relevance in her brief, the Court will not venture to guess.

In Sanders's third, and final, argument she asserts:

> [T]he person who signed on behalf of the Defendant-addressees identified him or herself as a person with authority to accept service as an agent, by indicating the box, "Agent." Therefore, for each Defendant-addressee, the signature of an authorized agent, who indicated the box "Agent," completed acceptance of service on each Defendant-addressee.

[R. 26 at 4-5.] Sanders provides no case law supporting the notion that a person checking the box labelled "agent" on a certified mail receipt is sufficient to establish that person is an authorized agent under law, nor is the Court able to find any such case law. However, there are several

8

persuasive district court cases within the Sixth Circuit in which courts declined to find that the defendant appointed an agent for receiving mail. *See T.J. by T.J.,* No. 3:18-CV-00009-GFVT, 2018 WL 4088024, at *3 (holding that there was nothing in the pleadings establishing that the defendant appointed an agent to accept service on his behalf); *Smith v. Parks*, No. CIV.A. 5:14-260-KKC, 2015 WL 770337, at *2 (E.D. Ky. Feb. 23, 2015) (same); *Lee v. George*, No. 3:11-CV-00607, 2012 WL 1833389, at *3 (W.D. Ky. May 18, 2012) (Simpson, J.) (same). Furthermore, in response to Sanders's Motion for Summary Judgment, all three defendants filed an affidavit in which each defendant avers she did not sign the certified mail receipt nor did she authorize anyone to sign as here agent. [R. 29-2; R. 29-3; R. 29-4.] Thus, the Court is not convinced by Sanders's argument.

In summary, the Court agrees with the defendants. Here, it was Sanders's burden to show that proper service was made despite the fact that none of the defendants signed for the certified mail upon its arrival. However, in accordance with the analysis above, the Court finds that Sanders fails to fulfill that burden. Therefore, Defendants' Motion to Quash, [R. 18], is GRANTED, and Sanders's motions for entry of default, [R. 12, 13, 14], are DENIED. Pursuant to Federal Rule of Civil Procedure 4(m), the Court will allow Sanders **until August 26, 2019** to properly serve process on Holland, Monroe and Perry.[2]

**B. Sanders's Motion for Summary Judgment**

On the same day that Defendants filed their Motion to Quash, Sanders filed a Motion for Summary Judgment, [R. 17]. In her motion, Sanders argues that Defendants are barred from raising the defense of insufficiency of process due to failure to raise the defense in a pre-trial motion or Answer filed 21 days after the service of the summons and Complaint. [*Id*. at 2-3.]

---

[2] The Court notes that Defendants agreed that it "may be appropriate to allow Plaintiffs additional time to perfect proper service in a manner that comports to the applicable rules for service of process." [R. 35 at 8.]

9

Defendants respond that Sanders's Motion for Summary Judgment is premature due to the fact that "[t]he Court cannot grant summary judgment against defendants who have not been served with process." [R. 29 at 6 (citing *Fowler v. Tyndale Pub. House*, 09-10272, 2009 WL 2488057, at *1 (E.D. Mich. Aug. 12, 2009)]. Ultimately, the Court finds in favor of Defendants.

In her Motion for Summary Judgment, Sanders argues that the Defendants waived the defense of insufficiency of service of process by failing to timely raise the defense in an answer or pre-answer motion. [R. 17 at 3.] As explained above, the Court has found that Defendants were not properly served. The Sixth Circuit has stated: "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant. And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655. As Defendants have yet to be properly served, the Court is technically "powerless to proceed to an adjudication" at this point in the proceedings regarding Sanders's motion.[3] Furthermore, the Court finds the words of its sister courts, quoted by Defendants, rather persuasive: "The Court cannot grant summary judgment against defendants who have not been served with process." *Fowler*, No. 09-10272, 2009 WL 2488057, at *1 (quoting *Harold Wayne Centers v. Brenda Lee Centers*, No. 1:04-CV-130, 2004 WL 3079289, at *3 (E.D. Tenn. Nov. 16, 2004)). Thus, the Court agrees with the Defendants that Sanders's Motion for Summary Judgment is premature at this time, and it will be DENIED.

In the same vein, as Defendants have not been properly served, the Court finds that Defendants' Motion to Dismiss is also premature. *See Aqua-Chem, Inc. v. Bariven, S.A.*, No. 3:16-CV-553, 2017 WL 7731218, at *2 (E.D. Tenn. Feb. 15, 2017) ("because Defendant

---

[3] The Court further notes that the arguments in Sanders's Reply depend on the presumption that Sanders provided valid proof of service. [R. 36 at 5.] As the Court found that Sanders did not provide valid proof of service, it is unnecessary for the Court to analyze Sanders arguments that depend on this contention.

PDVSA has not been properly served, its Motion to Dismiss is premature") (citing *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952)); *Walker v. Brooke Corp.*, No. 08-CV-14574, 2009 WL 1689653, at *3 (E.D. Mich. June 17, 2009) ("Where a court has found service improper, the correct course is not to dismiss but to retain the case for proper service later."). Thus, Defendants' Motion to Dismiss, [R. 28], is DENIED with leave to refile.

C. **Defendants' Motion to Strike Complaint and Sanders's Motion for Leave to File Amended Complaint**

On May 1, 2019, Sanders's filed an Amended Complaint. [R. 38.] On May 13, 2019, Defendants' filed a Motion to Strike that Amended Complaint. [R. 43.] In their Motion to Strike Amended Complaint, Defendants move the Court to strike Sanders's First Amended Complaint because it was filed twenty-three days late. [R. 43 at 1.] On May 13, 2019, Sanders's filed a Motion for Leave to File Amended Complaint or, in the Alternative, Motion for Leave for Additional Time to Respond to the Motion to Dismiss. [R. 44.] In her motion, Sanders requests the Court grant her leave to amend her Complaint in the Court's broad discretion pursuant to Federal Rule of Civil Procedure 15(a). [*Id.* at 3.] In response, Defendants agree that an amendment of a complaint should be "freely given when justice requires," but argue that any amendment to Sanders's complaint regarding defendants Lincoln Foster and Maureen Leamy would be futile as both are allegedly entitled to absolute prosecutorial immunity. [R. 47 at 2.] In Sanders' reply, she lists a number of factual allegations against Foster and Leamy, included in the Second Amended Complaint, that she claims would fall outside the protection of prosecutorial immunity. [R. 48 at 5-7.]

Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive

pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, where that time has passed, Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While the Federal Rules encourage a liberal construction of Rule 15, it may be appropriate to deny leave to amend a complaint "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003). The Sixth Circuit has stated that "[t]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleading." *Jet, Inc. v. Sewage Aeration Sys.,* 165 F.3d 419, 425 (6th Cir. 1999) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)).

Under Rule 15, the Court is to freely give leave for a party to amend their complaint "when justice so requires." Although Defendants do not explicitly mention any of the instances when it is appropriate to deny leave to amend a complaint, i.e., undue delay, bad faith, etc., the Court interprets Defendants' original argument that Sanders's Amended Complaint was untimely as one of undue delay. However, the Sixth Circuit has stated that "it is well-settled that delay alone is not a sufficient reason for denying leave" to amend a complaint. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Instead, such a "delay must have [also] resulted in prejudice to the party opposing the motion." *Id.* Here, Defendants mention no prejudice, and the Court finds it unlikely as the period of delay is so short. Thus, Defendants' argument of undue delay is insufficient on its own to justify the Court denying leave to amend a complaint. In order

for this case to be "tried on [its] merits rather than the technicalities of pleading," *Jet, Inc.,* 165 F.3d at 425, the Court finds that Sanders should be afforded an opportunity to amend her complaint. Sanders argues that the additional factual allegations to be amended to the complaint show that prosecutorial immunity does not apply. Therefore, justice requires the Court to consider Sanders's additional factual allegations, and Defendants' response to those allegations, before making its final decision. Sanders's Motion for Leave to File Amended Complaint,[R. 44], is GRANTED and Defendants' Motion to Strike that Amended Complaint, [R. 43], is DENIED.

### D. Sanders's Additional Motions

As briefly mentioned above, Sanders also filed a Motion to Strike Impertinent Material Stated in Entry of Appearance, [R. 15], and a Motion to Strike Scandalous Material Stated in the Response, [R. 30]. In Sanders's Motion to Strike Impertinent Material, Sanders points out that counsel for Defendants inadvertently attached a passage that appears to be an excerpt from a motion intended for a different case at the end of Defendants' Entry of Appearance. [R. 11 at 3-9.] Defendants did not respond to this motion. As the attachment of pages 3-9 appears to be an advertent error on the part of Defendants' counsel, Sanders's Motion to Strike Impertinent Material, [R. 11], is GRANTED.

In Sanders's Motion to Strike Scandalous Material Stated in the Response, [R. 30], she argues that Defendants made a scandalous allegation when they stated that Sanders "tricked" the postal service by checking the box indicating "return receipt merchandise" on the certified mail receipt. [R.30 at 1.] The Court did not take this statement in consideration upon making its decision and, therefore, finds Defendants' word choice irrelevant. Sanders's Motion to Strike Scandalous Material Stated in the Response, [R. 30], is DENIED.

13

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Defendants' Joint Motion to Quash, [R. 18], and Renewed Joint Motion to Quash, [R. 23], are **GRANTED**. Pursuant to Federal Rule of Civil Procedure 4(m), the Court will allow Sanders **until August 26, 2019** to properly serve process on Holland, Monroe and Perry.

2) Sanders's Motion for Entry of Default as to Heather Holland, [R. 12], is **DENIED**.

3) Sanders's Motion for Entry of Default as to Lindee Monroe, [R. 13], is **DENIED**.

4) Sanders's Motion for Entry of Default as to Rebecca Perry, [R. 14], is **DENIED**.

5) Sanders's Motion for Summary Judgment, [R. 17], is **DENIED**.

6) Defendants' Motion to Dismiss, [R. 28], is **DENIED**.

7) Sanders's Motion for Leave to File Amended Complaint,[R. 44], is **GRANTED** and the Clerk is directed to file the attached Second Amended Complaint, [R. 44-2], with its exhibits. Sanders's Motion for Extension of Time to File Response to Defendants' Motion to Dismiss is **DENIED as MOOT.**

8) Defendants' Motion to Strike Amended Complaint, [R. 43], is **DENIED**.

9) Sanders's Motion to Strike Impertinent Material, [R. 15], is **GRANTED.**

10) Sanders's Motion to Strike Scandalous Material, [R. 30], is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record