## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:19-cv-00023-TBR-LLK

**LEONIA N. SANDERS,**                                                                      **PLAINTIFF**
*individually and as parent and guardian of Ronald D. Sanders*

**v.**

**CITY OF PEMBROKE,** *et al.*                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

In March 2021, Plaintiff filed a notice, pursuant to Fed. R. Civ. P. 45(a)(4), of issuance of a subpoena to a third party (Verizon Wireless) in which Plaintiff seeks information associated with a certain workplace cellphone number used by City of Pembroke's Chief of Police and by private citizens of Pembroke to communicate with the police department. [Docket Number ("DN") 148]. This matter is before the Court on Defendant City of Pembroke's "Objection to Plaintiff's Notice of Issuance of Subpoena and Motion for Protective Order," to which Plaintiff responded in opposition, and Defendant replied. [DN 149, 150, 151]. The Court referred the matter to the undersigned Magistrate Judge for ruling. [DN 141].

To succeed on a claim pursuant to 28 U.S.C. § 1983 against a local government, "the plaintiff must prove the injury of which he complains was caused by an unconstitutional government policy or custom." [DN 129 at 23 quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)]. Plaintiff's Amended Complaint alleges that City of Pembroke employed an explicit policy, observed custom, and deliberate practice of targeting, unlawfully arresting, or otherwise preying on Mr. Sanders for the purpose of violating his constitutional rights. *Id.* referencing DN 51. In June 2020, in light of newly discovered evidence, the Court reinstated Plaintiff's *Monell* claim against City of Pembroke. *Id.* at 24-25.

On July 19, 2021, the undersigned held a telephonic status conference. Christopher J. Hoerter and William A. Kemper represented Plaintiff. Sarah E. Noble represented City of Pembroke. Harold M. Johns represented the individual Defendants remaining following Judge Russell's rulings on dispositive

motions, [DN 108, 129, 132]. The individual Defendants were described as Christian County officials: Deputy Eddie Frye, Deputy Rick Burgess, Lincoln Foster, and Maureen Leamy.

The City stated it filed the present motion for a protective order, [DN 149], both to defend against Plaintiff's *Monell* claim and to protect the privacy of the citizen communications with the police department. Plaintiff argued that the information sought from Verizon (to which Verizon has not yet objected) is relevant to her claim that Defendants conspired to target Mr. Sanders for multiple arrests in violation of his constitutional rights. According to Plaintiff, the information might reveal whether or not there were contemporaneous citizen complaints providing probable cause for legitimate arrests.

City of Pembroke agreed to make good faith efforts to obtain from Verizon the same information sought by Plaintiff, and, once obtained, to produce to Plaintiff (assuming there is no objection based on privilege or relevance) any text message or other communication concerning Mr. Sanders (specifically).

For the reasons below, with the exception of the information contemplated by the above agreement, the additional information sought from Verizon is not relevant to any claim. Additionally, the information must not be disclosed to avoid "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Therefore, this Order will QUASH Plaintiff's subpoena to Verizon subject to City of Pembroke's agreement discussed above and will DENY Plaintiff's motion at DN 149 as moot.

**City of Pembroke has standing to file the present motion for a protective order.**

The parties dispute whether the City of Pembroke has standing to file the present motion for a protective order. [DN 148, 149, 150]. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Gard v. Grand River Rubber & Plastics Co.*, No. 1:20CV125, 2021 WL 75655, at *5 (N.D. Ohio Jan. 8, 2021) (quoting 9A Charles Alan Wright and Arthur R.

Miller, et al., Federal Practice and Procedure § 2549 (3d ed.)). As indicated above, City of Pembroke (the objecting party) has a right or privilege with regard to citizen communications with the police department.

In any event, even "where a party's standing may fall short to quash a subpoena under Rule 45, Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf." *Id.*; *see also Diamond Resorts Int'l, Inc. v. Phillips*, 2018 WL 4328257 at *2 (M.D. Tenn. July 16, 2018) ("[W]here a party's standing may fall short to quash a subpoena under Rule 45, Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf."). City of Pembroke was entitled to file the motion for a protective order on behalf of the citizens of Pembroke.

**Plaintiff has not shown that the information she seeks is relevant to any claim.**

Generally, information is discoverable only if it is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiff has not shown that the information she seeks from Verizon, which goes well beyond the text of communications directly involving Mr. Sanders, is relevant to any claim. It is unclear why Plaintiff believes she needs to know that certain calls were made at certain times, with no information regarding the substance of those calls.

In *In re Verizon Wireless*, the Maryland District Court recently granted a motion for a protective order similar to City of Pembroke's. *In re Verizon Wireless*, No. CV TDC-19-1744, 2019 WL 4415538 (D. Md. Sept. 16, 2019). In *Verizon*, Plaintiff filed a Section 1983 action alleging a custom or policy of racial discrimination by the Prince George's County Police Department. Like Plaintiff in the present action, the Plaintiff in *Verizon* hoped to utilize work cellphone numbers to "draw connections between known and unknown phone numbers used by Petitioners, linked by dates and times, to make inferential leaps to support the claims of conspiratorial acts." *Id.* at *6. The District Court ruled that the subpoena did not lie within the scope of information contemplated by Fed. R. Civ. P. 26(c)(1) and that "more than three years of call histories for each phone number is not remotely helpful in resolving the issues in this case." *Id.* In this case, Plaintiff makes no plausible showing that nineteen months of incoming and outgoing call

information associated with the work cellphone of the City of Pembroke Chief of Police are relevant to her claims.

### The information Plaintiff seeks is entitled to protection under Fed. R. Civ. P. 26(c)(1).

Generally, protective orders are available to protect a "party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The information Plaintiff seeks from Verizon is broad enough to contemplate communications between private citizens of Pembroke and the police department. There is undue risk that discovery of this information would result in annoyance, embarrassment, or oppression.

City of Pembroke persuasively argues that that it would be unduly burdensome to allow production in light of the privacy interests at stake:

> The information encompassed by the subpoena duces tecum is overly broad, unduly burdensome, oppressive, and irrelevant to the present matter. Additionally, the information requested relates to protected and confidential information regarding the citizens of Pembroke and its police department. The disclosure of such confidential information is inappropriate and would work to harass and embarrass individuals who are not and never will be involved in this litigation. … The information requested by subpoena is not sufficiently narrowed by timeframe or recipient/caller and, instead, requests broad communications from and to an unrestricted class of individuals for a nineteen-month period of time, which is overly expansive and not sufficiently tailored to lead to discoverable information. … In the present matter, justice requires that any information obtained by Plaintiff regarding the cellular telephone number at issue be narrowly tailored and specific in time. Otherwise, confidential information pertaining to police and City communications that are entirely unrelated to the present matter could come to light, causing potential embarrassment and unwarranted injury to residents of the City not party to or involved in this lawsuit.

[DN 149 at 3, 5].

### Order

Therefore, Plaintiff's subpoena to Verizon is hereby QUASHED subject to City of Pembroke's agreement discussed herein. Plaintiff's motion at DN 149 is hereby DENIED as moot.

July 23, 2021

Lanny King, Magistrate Judge
United States District Court

c:  counsel
p:  0/22