UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-023-TBR

LEONIA N. SANDERS,                                                          PLAINTIFF

v.

CITY OF PEMBROKE, KY et al.,                                               DEFENDANTS

MEMORANDUM OPINION & ORDER

This matter is before the Court on the Verified Motion for Sanctions Against the City of

Pembroke for Witness Tampering ("Motion for Sanctions"), [DN 159], and Motion for

Protective Order Limiting Inquiry in the Deposition of the Plaintiff Leonia Sanders ("Motion for

Protective Order"), [DN 160], both filed by Plaintiff Leonia N. Sanders, individually and as

parent and guardian of Ronald D. Sanders. Defendants have responded, [DN 164; DN 165], and

Plaintiff has replied, [DN 166; DN 167]. This matter is therefore fully briefed and ripe for

review. For the reasons set forth below, the Court will deny Plaintiff's Motion for Sanctions,

[DN 159], without prejudice and will deny Plaintiff's Motion for Protective Order, [DN 160].

I.        BACKGROUND

Plaintiff Leonia Sanders lives in Pembroke, Kentucky with her adult son, Ronald. [DN 51

at 3–4]. Mr. Sanders suffers from mental illness, and Ms. Sanders worked with the Kentucky

Cabinet for Health and Family Services ("CHFS") and Pennyroyal Mental Health Center

("PMHC") to manage her son's medications. *Id.* On February 13, 2019, Plaintiff filed the current

action alleging violations of 42 U.S.C. § 1985 and 42 U.S.C. § 1983, defamation, abuse of

1

process, assault, battery, false imprisonment, false arrest, and outrage. [*See* DN 1 (Original Complaint); DN 51 (Amended Complaint)]. More specifically, she claims that CHFS and PMHC "betrayed her and Ronald, and with the help of county and municipal law enforcement, [] conspired to kidnap her son" by making him a ward of the state. [DN 51, p. 4]. These allegations are set forth in more detail in the Court's prior orders. *See*, *e.g.*, [DN 107; DN 131].

Plaintiff has now filed two motions, one seeking sanctions against the city of Pembroke, [DN 159], and one seeking a protective order, [DN 160]. In the Motion for Sanctions, Plaintiff alleges that the current Chief of Police for the City of Pembroke, Montgomery Strode, "surreptitiously interviewed Ronald Sanders, who has a measured full-scale IQ in the 50s, outside his mother's presence and without the knowledge of Plaintiffs' counsel, in which Chief Strode discussed the lawsuit, include the parties, their claims, and their settlement prospects." [DN 159, p. 2]. Plaintiff has provided a recording of a portion of that interview and argues that "Chief Strode attempted to influence Ronald Sanders' testimony on a number of other material subjects in the lawsuit" during unrecorded portions of the interview. *Id*. Plaintiff seeks sanctions for these allegedly improper actions, which Plaintiff characterizes as witness tampering. *Id*. In the Motion for Protective Order, Plaintiff also asks the Court to limit the scope of Ms. Sanders's upcoming deposition and prohibit any questioning related to Mr. Sanders's meeting with Chief Strode. [DN 160].

## II.   ANALYSIS

### A.  Plaintiff's Motion for Sanctions, [DN 159]

District courts have the inherent authority to impose sanctions "'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' or when the conduct is 'tantamount to bad faith.'" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (internal citations

omitted); *see also Greene v. Independent Pilots Assoc.*, No. 18-5296, 2018 WL 9651540, *3 (6th Cir. Oct. 4, 2018). The use of such inherent powers "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citation omitted).

Plaintiff asks this Court to invoke its inherent powers to impose sanctions against defendants, arguing that "[w]itness tampering constitutes bad faith conduct." [DN 159, p. 9]. In response, the City of Pembroke argues that (1) communication between two *parties* to a lawsuit is not prohibited; (2) the meeting between Mr. Sanders and Chief Strode was initiated by Mr. Sanders; and (3) the meeting included discussions about Ms. Sanders's care of Mr. Sanders and was not related to this lawsuit. [DN 165].

The Court has reviewed the recording of the meeting between Mr. Sanders and Chief Pembroke. Plaintiff has also provided a "statement of facts" in her brief, which she represents is "based on her knowledge of the unrecorded portions of the interview." [DN 159, p. 2–6]. In fact, the statement of facts is apparently based off a phone conversation between Ms. Sanders, Mr. Sanders, and counsel in which Mr. Sanders discussed the interview. *Id.* at p. 2–3, n.2. The City of Pembroke disputes Plaintiff's description and characterization of the interview and asserts that Mr. Sanders initiated the conversation with Chief Strode in an attempt to discuss his mother's attempts to care for him. [DN 165]. Having reviewed these arguments and the recorded interview, the Court finds that Plaintiff's Motion for Sanctions, [DN 159], is premature and discovery is necessary if Plaintiff wishes to proceed with this request. Therefore, as explained in more detail below, the Court will allow the parties to depose Ms. Sanders and Chief Strode about the allegedly improper meeting between Mr. Sanders and Chief Strode. Once more information is gathered during discovery, Plaintiff may refile her request for sanctions, if warranted.

Accordingly, at this time, the Court will deny the Motion for Sanctions, [DN 159], without prejudice.

### B.  Plaintiff's Motion for Protective Order, [DN 160]

Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including," among other things, "forbidding inquiry in to certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). When seeking a protective order to prevent the taking of a deposition, the moving party bears a "heavy burden." *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 476 (S.D. Ohio 2014) (quoting *EEOC v. Freeman*, No. RWT-09-2573, 2012 WL 2370122, *1 (D. Md. June 21, 2012)).

Plaintiff asks this Court for a protective order under Rule 26 to limit the scope of Ms. Sanders's deposition in light of the allegedly improper meeting between Mr. Sanders and Chief Strode. [DN 160]. Specifically, she seeks to prohibit any deposition questions about that meeting or about any statements that Mr. Sanders made during that meeting.  *Id.* She explains, "Good cause for limiting inquiry in Mrs. Sanders's deposition is that asking Leonia Sanders about her son's inappropriately obtained statements would cause annoyance, embarrassment, and oppression." *Id.* at 10. She further states that she "should not be forced to re-live Chief Strode's predatory and surreptitious manipulation of her severely intellectually impaired son, who is dependent on her." *Id.* She also anticipates filing several motions in limine if such questioning is allowed. *Id.* However, Plaintiff clearly anticipates deposing Chief Strode about the meeting between himself and Mr. Sanders. *Id.* at 11.

The Court will deny Plaintiff's motion. While the Court understands that Ms. Sanders may find Defendants' questioning to be annoying or embarrassing, that reason alone is

insufficient to limit her deposition testimony. This is particularly true considering Plaintiff's own motion seeking sanctions against Defendants for the allegedly improper meeting between Chief Strode and Mr. Sanders, the very subject matter that she now seeks to exclude from her deposition. Simply put, any questioning about the allegedly improper meeting would not be for the sole purpose of annoyance or harassment; rather, it would be in response to Plaintiff's own allegations against the City of Pembroke. Stated another way, by filing her Motion for Sanctions, Plaintiff has opened the door to further discussion of the meeting between Mr. Sanders and Chief Strode. As the Court has already explained, discovery would aid in the Court's resolution of that Motion for Sanctions. Accordingly, the Court will deny Plaintiff's Motion for Protective Order, [DN 160].

Lastly, to the extent that Defendants argue that Ms. Sanders's deposition should take place in person, [DN 164], the Court notes that Magistrate Judge Lanny King has already addressed that issue. He previously held that "[t]he deposition of Ms. Leonia Sanders shall proceed via Zoom in light of her legitimate health concerns." [DN 158].

### III.    CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Sanctions, [**DN 159**], is **DENIED WITHOUT PREJUDICE** and Plaintiff's Motion for Protective Order, [**DN 160**], is **DENIED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 26, 2022

cc: Counsel of Record

5